IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PENN PIONEER ENTERPRISES, LLC, ) <br> WYLIE HOLDINGS, L.P., W. KING ) <br> PROPERTIES, INC., DONEGAL MUTUAL ) <br> INSURANCE COMPANY, and ) <br> KNIGHTBROOK INSURANCE COMPANY, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> INTERNATIONAL INSURANCE ) <br> COMPANY OF HANOVER and ) <br> CORNERSTONE UNDERWRITING ) <br> PARTNERS, LLC, ) <br> ) <br> Defendants. ) | Civil Action No. 15-1343 <br> Chief Magistrate Judge Maureen P. Kelly <br><br><br><br><br><br><br><br> Re: ECF Nos. 4 and 5 |

**OPINION AND ORDER**

Presently before the Court is a Motion to Remand to State Court and a Motion for Leave to Amend Complaint filed by Plaintiffs Penn Pioneer Enterprises, LLC, Wylie Holdings, L.P., W. King Properties, Inc., Donegal Mutual Insurance Co., and Knightbrook Insurance Co. (collectively, "Plaintiffs"). ECF Nos. 4 and 5. For the reasons that follow, the Motion to Remand will be denied. The Motion for Leave to Amend Complaint, however, will be granted and the case will nevertheless be remanded to state court.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs initiated this insurance action against Defendants International Insurance Company of Hanover ("IICH") and Cornerstone Underwriting Partners, LLC ("Cornerstone") (collectively, "Defendants"), on September 24, 2015, by filing a Complaint in the Court of Common Pleas of Allegheny County, Pennsylvania. At 5:15 p.m. on October 14, 2015, Defendants electronically submitted a Notice of Removal in the Court of Common Pleas based

on diversity.[1]  ECF No. 14, p. 2; ECF No. 14-1.  The Notice of Removal, however, was not docketed until the next day -- October 15, 2015, at 3:02 p.m.  ECF No. 4, p. 2, ¶ 6; ECF No. 14, p. 5.  In the interim, on October 15, 2015, at 11:26 a.m., Plaintiff's filed an Amended Complaint in order to add Jack L. Bonus Insurance, Inc. ("Bonus") as a defendant.  ECF No. 4, p. 2, ¶ 5.  See ECF No. 4-1.  Because Bonus is a Pennsylvania corporation, Plaintiffs contend that complete diversity did not exist and thus the case was not only improperly removed to this Court but should now be remanded.  In the alternative, Plaintiffs ask for leave to amend the Complaint so as to add Bonus as a defendant here.

## II. DISCUSSION

### A. Motion to Remand

A defendant in a civil action brought in state court has a statutory right to remove the action to federal court if the claims brought by the plaintiff could have been brought originally in federal court.  See 28 U.S.C. § 1441(a).  Under the statutory scheme, if the defendant removes a case to federal court based upon diversity of citizenship, "a proper exercise of federal jurisdiction requires satisfaction of the amount in controversy requirement as well as complete diversity between the parties, that is, every plaintiff must be of diverse state citizenship from every defendant."  In re Briscoe, 448 F.3d 201, 215 (3d Cir. 2006).

---

[1] According to the Complaint, Penn Pioneer Enterprises, LLC, is a Pennsylvania limited liability company with a business address of 100 Cherrywood Court, Harrison City, Pennsylvania; Wylie Holdings, L.P. is a Pennsylvania Limited Partnership with a business address of 5170 Butler Street, Pittsburgh, PA; W. King Properties, Inc., is a Pennsylvania corporation with a registered business address of 4933 Butler Street, Pittsburgh, PA; Donegal Mutual Insurance Company is a Pennsylvania business corporation with a registered business address of 1195 River Road Marietta, Lancaster, PA; Knightbrook Insurance Company is a Delaware corporation with administrative offices located at 927 West Main Street, Valley View, PA; International Insurance Company of Hannover, Ltd, is an insurance company that regularly conducts business in the Commonwealth of Pennsylvania and has an agent for service of process Alexis Burgess, located at Drinker Biddle & Reath, LLP, 1800 Century Park East, Suite 1400, Los Angeles, CA; and Cornerstone Underwriting Partners, LLC, is an insurance agency and or brokerage which regularly conducts 'business in the Commonwealth of Pennsylvania with an office of 800 Oak Ridge Turnpike, Suite A-1000, Oak Ridge, TN.  ECF No. 1-3, ¶¶ 1-8.

2

Here, Plaintiffs argue that because they filed an Amended Complaint in state court adding Bonus as a defendant on October 15, 2015, at 11:26 a.m., diversity no longer existed when Defendants filed the Notice of Removal later that day at 3:02 p.m., and thus removal to this Court was improperly granted in the first instance.  Plaintiffs' argument, however, overlooks the fact that although the Notice of Removal was not *docketed* until 3:02 p.m. October 15, 2015, the Notice of Removal had been submitted to, and received by, the Clerk of Court the day before -- on October 14, 2015.  Because the Notice of Removal was deemed filed when it was received by the Clerk, it was necessarily filed before Plaintiffs submitted their Amended Complaint.  See McDowell v. Delaware State Police, 88 F.3d 188, 191 (3d Cir. 1996).  Diversity therefore still existed at the time the Notice of Removal was filed and removal to this Court was proper.  As such, remand based on the absence of diversity is unwarranted and Plaintiffs' Motion in this regard is properly denied.

  **B.**  **Motion for Leave to Amend Complaint**

Alternatively, Plaintiffs ask that they be allowed to amend the Complaint in this Court so as to add Bonus as a defendant.

Federal Rule of Civil Procedure 15(a)(2) provides that when a plaintiff requires leave of the court to amend its complaint, "[t]he court should freely give leave when justice requires."  In addition, a plaintiff is generally free to join proper defendants.  Fed. R. Civ. P 20(a)(1).  See City Line-Hamilton Builders, LLC v. Cincinnati Ins. Co., 2013 WL 1286187, at *4 (E.D. Pa. Mar. 29, 2013).  It is well established, however, that when a plaintiff seeks leave to amend the complaint after the case has been removed to federal court in order to join a non-diverse defendant, the issue is governed by 28 U.S.C. § 1447(e).  Id.  Section 1447(e) provides that: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter

jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." See Wehrenberg v. Metro. Prop. & Cas. Ins. Co., 2015 WL 1643043, at *4 (W.D. Pa. Apr. 9, 2015). In determining whether a motion for leave to amend in order to join a non-diverse defendant, Section 1447(e) provides the district court with substantial deference. City Line-Hamilton Builders, LLC v. Cincinnati Ins. Co., 2013 WL 1286187, at *5.

Although the United States Court of Appeals for the Third Circuit has yet to expressly adopt a particular framework for analyzing motions for leave to amend under Section 1447(e), it has implicitly approved of the approach set forth by the Court of Appeals for the Fifth Circuit in Hensgens v. Deere & Co., 833 F.2d 1179 (5th Cir. 1987) ("Hensgens"). Hayden v. Westfield Ins. Co., 586 F. App'x 835, 840-41 (3d Cir. 2014), *quoting* Hensgens, 833 F.2d at 1182 ("[w]hile we have not yet addressed the appropriate analytical approach to § 1447(e) (and need not do so here), the Fifth Circuit has instructed that when a district court is 'faced with an amended pleading naming a new nondiverse defendant in a removed case, [it] should scrutinize that amendment more closely than an ordinary amendment . . .'"). See Wehrenberg v. Metro. Prop. & Cas. Ins. Co., 2015 WL 1643043, at *4 (noting district courts within the Third Circuit that have adopted the approach set forth in Hensgens). Under Hensgens, such scrutiny includes considering "'the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether [the] plaintiff has been dilatory in asking for amendment, whether [the] plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities.'" Id., *quoting* Hensgens, 833 F.2d at 1182.

Here, Defendants argue that consideration of these factors militates against allowing Plaintiffs to amend the Complaint so as to join Bonus as a defendant. Defendants specifically point to the fact that Plaintiffs sought to amend the Complaint only after Defendants advised

4

Plaintiffs of their intention to remove the case to federal court; that Plaintiffs were aware of Bonus's role in the purchase of the insurance policy at issue before they filed the original Complaint and nevertheless chose not to bring claims against Bonus; and that Plaintiffs are still able to bring suit against Bonus in state court for breach of contract.

Plaintiffs, however, contend that Defendants indicated only that they *might* remove the case to federal court and suggest that Defendants did so only after Plaintiffs informed Defendants that they would be filing an Amended Complaint. Plaintiffs also suggest that the decision to amend the Complaint was made after IICH indicated that "if the coverage of its insurance policy was not what had been intended, that it was the fault of the agent and not [IICH]." ECF No. 5, ¶ 4. Plaintiffs therefore conclude that the inclusion of Bonus, the insurance agency from which the insurance policy was bought, is necessary for fair adjudication of this matter.

The Court finds that consideration of the factors set forth in Hensgens, in conjunction with the parties' arguments, weigh in favor of Plaintiffs and that leave to amend the Complaint should be granted. Although Defendants argue that Plaintiffs sought to amend the Complaint only after Defendants communicated their intention to remove the case to federal court, Plaintiffs have suggested that Defendants removed the case knowing that Plaintiffs were going to amend the Complaint and that diversity would therefore be lacking. Further, even if Plaintiffs were aware of Bonus's role in the purchase of the insurance policy before the original Complaint was filed, it does not necessarily follow from their failure to name Bonus as a defendant at that time that Plaintiffs' efforts to add Bonus as a defendant now is merely to destroy diversity.[2] Indeed, review of the Amended Complaint that Plaintiffs filed in state court shows that Bonus was

---

[2] Although Defendants argue that "[d]uring a telephone call on October 14, 2015, Plaintiffs' counsel advised that he would file an amended complaint, adding [Bonus Ins.] as a defendant to defeat diversity," see ECF No. 14, p. 3, it is not entirely clear whether Plaintiffs' counsel merely informed Defendants that an Amended Complaint would be forthcoming and that the natural consequence of the amendment would be that diversity would no longer exist or whether Plaintiffs were amending the Complaint for the sole purpose of destroying diversity.

instrumental in the purchase of the insurance policy at issue and thus appears to be a proper defendant in this insurance dispute. See ECF No. 4-1. Moreover, although not entirely clear, Plaintiffs have suggested that they were prompted to add Bonus as a defendant following Defendants' suggestion that perhaps Plaintiffs' insurance agent was liable for the lack of coverage. Under these circumstances, it is equivocal at best what Plaintiffs' intentions are in seeking leave to amend the Complaint.

Even if Plaintiffs amended the Complaint in order to defeat diversity, however, the other Hensgens factors weigh in favor of Plaintiffs. With respect to the second factor, it cannot be said Plaintiffs were not dilatory in filing the Amended Complaint in state court or their request for leave to amend in this Court. Plaintiffs filed the original Complaint in the Court of Common Pleas on September 24, 2015. ECF No. 1-2, pp. 1, 2, 3. The Amended Complaint was filed in state court on October 15, 2015, and the Motion for Leave to Amend was filed in this Court on October 16, 2015, which was only three weeks later and well within an appropriate time frame. See Fed. R. Civ. P. 15(a)(1)(A); Fed. R. Civ. P. 21.

Furthermore, although Plaintiffs could file a separate suit for breach of contract against Bonus in state court, it would put Plaintiffs in the position of having to litigate essentially the same matter in two different fora which would not only expend more judicial resources but would seemingly increase Plaintiffs' litigation costs.

Finally, Defendants have not argued that they will be prejudiced by allowing Plaintiffs to join Bonus as a defendant in this action. Nor does the Court perceive any prejudice that Defendants would suffer as a result. The Court therefore finds that consideration of the factors set forth in Hensgens weigh in favor of Plaintiffs and that they should be permitted to amend their Complaint.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Remand is properly denied and Plaintiff's Motion for Leave to Amend is properly granted. Accordingly, the following Order is entered:

**ORDER**

AND NOW this 18th day of December, 2015, upon careful consideration of Plaintiffs' Motion to Remand to State Court, Plaintiffs' Motion for Leave to Amend Complaint and Defendants' Brief in Opposition to Plaintiffs' Motions, IT IS HEREBY ORDERED that Plaintiff's Motion for Remand to State Court, ECF No. 4, is DENIED, and Plaintiff's Motion for Leave to Amend Complaint, ECF No. 5, is GRANTED.

IT IS FURTHER ORDERED that the Clerk is directed to file the First Amended Complaint attached to Plaintiffs' Motion to Remand, ECF No. 4-1, and remand the case to the Court of Common Pleas of Allegheny County.

BY THE COURT:

/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: All Counsel of Record Via CM-ECF